**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MAGGIE JARRAR,**

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-476**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Kimberly A. Jolson**

**AXIUM PACKAGING LLC, et al.,**

**Defendants.**

# **OPINION & ORDER**

Before the Court is Defendants' Motion to Stay Discovery. (Doc. 14). For the following reasons, the Motion is **DENIED**.

## I. BACKGROUND

Plaintiff Maggie Jarrar initiated this action against her former employer, alleging she faced discrimination and retaliation that led to her termination. (Doc. 3). Specifically, Plaintiff alleges she worked for Defendant Axium Packaging LLC ("Axium") in the human resources department. (*Id.* at ¶¶ 13–16). In August 2024, a male, non-party employee spread a false rumor that "he had gotten [Plaintiff] pregnant; that [she] subsequently had an abortion; and [she] was now harassing him." (*Id.* at ¶ 19). Plaintiff reported the rumor and accompanying harassment to Defendant Paul Judge, but neither Judge nor the other Defendants acted in response. (*Id.* at ¶¶ 25–63 (detailing Axium's harassment policy that Defendants did not follow)). That same month, Defendant Tammy Hoffman—Axium's chief operating officer—held a meeting with the human resources team to discuss the rumor. (*Id.* at ¶¶ 64–69). After the meeting, Plaintiff complained directly to Hoffman and provided documentation that showed the rumor was false and, in fact, Plaintiff was unable to get pregnant due to her history of cancer. (*Id.* at ¶¶ 70–89).

Because of her cancer, as well as depression and post-traumatic stress disorder ("PTSD"), Plaintiff additionally alleges Defendants regarded her as disabled. (*Id.* at ¶¶ 90–107). In October 2024, Plaintiff submitted to human resources manager Defendant Deborah Kapes a request for leave for treatment of her depression and PTSD under the Family & Medical Leave Act ("FMLA"). (*Id.* at ¶¶ 108–117). Axium granted the request. (*Id.* at ¶ 118). Plaintiff returned to work on February 3, 2025. (*Id.* at ¶ 119). Less than three weeks later, Hoffman and Kapes informed Plaintiff that Axium terminated her employment. (*Id.* at ¶¶ 120–124 (alleging Hoffman, Kapes, and Judge were all involved in the decision to terminate her)). Plaintiff asserts that Axium did not follow its progressive disciplinary process before terminating her, and the real reasons behind her termination were her disability, her opposition to discrimination, her requested accommodation, and her FMLA leave. (*Id.* at ¶¶ 125–149).

Plaintiff brings claims against Axium for disability discrimination and retaliation in violation of the Americans with Disability Act; retaliation in violation of Title VII of the Civil Rights Act of 1964; and disability discrimination in violation of state law. (*Id.* at ¶¶ 150–183). She also asserts claims against all Defendants for retaliation under the FMLA and state law. (*Id.* at ¶¶ 184–196). Finally, Plaintiff claims the individual Defendants engaged in unlawful aiding, abetting, and inciting of discrimination in violation of state law. (*Id.* at ¶¶ 197–203). Plaintiff seeks injunctive relief, compensatory and punitive damages, and attorneys' fees and costs. (*Id.* at 15–16).

In response to Plaintiff's Complaint, Defendants filed a motion to dismiss for failure to state a claim. (Doc. 6). Then on May 15, 2026, the Court set a case schedule. (Doc. 9). The parties began engaging in discovery for the next two months. Nonetheless on July 9, Defendants filed a Motion to Stay Discovery, which cites the pending motion to dismiss and Plaintiff's

propounded discovery requests as reasons the Court should allow the parties to put off discovery for now. (Doc. 14). Plaintiff opposes the request, and this matter is ready for consideration. (Docs. 16, 18).

## II. STANDARD

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). And, as is the case here, parties routinely file motions to stay discovery while a motion to dismiss is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). "[A]s a general rule, this Court is not inclined to stay discovery while a motion to dismiss is pending[.]" *Id.*; *see also Ohio Valley Bank*, 2019 WL 2170681, at *2 (noting that "the Court has frequently found that the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery" (quotation marks and citation omitted)).

In "special circumstances," however, a court may find that a discovery stay is appropriate. *Ohio Valley Bank*, 2019 WL 2170681, at *2. A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery proceeds" or where "it appears that the complaint will almost certainly be dismissed." *Shanks*, 2009 WL 2132621, at *1 (citations omitted). Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Ohio Valley Bank*, 2019 WL 2170681, at *2

(quoting *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)). The proponent of the motion "bears the burden of showing the need for the stay and that 'neither the other party nor the public will suffer harm from entry of the order.'" *Pres. Partners, Inc. v. Sawmill Park Props., LLC*, No. 2:22-CV-477, 2023 WL 2943820, at *1 (S.D. Ohio Apr. 14, 2023) (citation omitted).

At bottom, the Court "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citations omitted).

## III. DISCUSSION

Defendants request that the Court stay all discovery pending the decision on their Rule 12(b)(6) motion to dismiss. (Doc. 14). In that motion, Defendants contend that Plaintiff's Complaint wholly fails to state a claim on which relief can be granted. (Doc. 6). Defendants primarily rely on the strength of those arguments to justify a discovery stay. (Doc. 14 at 5–6; *see also* Doc. 18 at 2). As further justification, they submit that the 275 discovery requests Plaintiff served on them are "incredibly burdensome" as well as "irrelevant and intrusive in nature." (Doc. 14 at 6–7). Plaintiff counters these are not circumstances that warrant a discovery stay. (Doc. 16). The Court agrees with Plaintiff.

This Court has been clear that a pending dispositive motion is not enough by itself to justify staying discovery. *See, e.g.*, *Bowens*, 2010 WL 3719245, at *2; *Abercrombie & Fitch Co. v. Fed. Ins. Co.*, No. 2:06-cv-00831, 2010 WL 3910352, at *4 (S.D. Ohio Oct. 5, 2010) ("Although Federal's current Motion for Summary Judgment may ultimately succeed, a pending case-dispositive motion is generally not enough to stay discovery."); *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *3 (S.D. Ohio Sept. 7, 2010) ("[T]he primary basis for

the requested stay, the pendency of a potentially dispositive motion as to which the parties have presented substantial arguments on both sides, is simply not sufficient to warrant a complete stay of discovery."). And generally, "a garden-variety motion to dismiss" is not enough to warrant a stay of discovery. *Ray v. Dir., Ohio Dep't of Health*, No. 2:18-cv-272, 2018 WL 4907080, at *2 (S.D. Ohio Oct. 10, 2018) (internal quotation and quotation marks omitted). Notably here, Defendants' Rule 12(b)(6) motion does not present a "special circumstance" like raising "a defense, such as absolute or qualified immunity, which must, as matter of law, be addressed before discovery proceeds." *Shanks*, 2009 WL 2132621, at *1. Nor does it raise issues related to this Court's subject matter jurisdiction. *See Wilson v. ThyssenKrupp Elevator Corp.*, No. 2:20-CV-2138, 2022 WL 1618447, at *3 (S.D. Ohio Feb. 8, 2022). Rather, it is fairly "garden-variety." (*See* Doc. 6 at 6 (generally contending "Plaintiff has not satisfied, and cannot satisfy, the requirement of pleading the elements and factual support for her claims beyond mere conclusory assertions")).

What's more "it is unpersuasive for a party to rely on the strength of its dispositive motion in moving to stay, unless the complaint is clearly frivolous." *dlhBOWLES, Inc. v. Jiangsu Riying Elecs. Co.*, No. 5:21-cv-170, 2021 WL 6335001, at *2 (N.D. Ohio Dec. 10, 2021) (citing *Tarazi v. Oshry*, No. 2:10-cv-793, 2011 WL 1437052, at *4–5 (S.D. Ohio Apr. 12, 2011)). While the Undersigned expresses no opinion on the underlying merits of Defendants' Rule 12(b)(6) motion, it is not "patent that the case lacks merit" or that the Complaint is so frivolous that it "will almost certainly be dismissed." *Malibu Media, LLC v. Doe*, No. 2:14-CV-1132, 2015 WL 2128156, at *2 (S.D. Ohio May 6, 2015) (quoting *Wilson v. Gillespie*, No. 2:13-CV-139, 2014 WL 3460042, at *2 (S.D. Ohio July 10, 2014)). And it would be inappropriate for the Undersigned to "weigh in on the strength of either party's position in the briefing" of the motion to dismiss at this juncture.

*Abercrombie & Fitch Co.*, 2010 WL 3910352, at *2 n.5. In short, Defendants' motion to dismiss alone does not move the needle.

Neither does the number or nature of Plaintiff's discovery requests persuade the Court that discovery must be stayed. (Doc. 14 at 6–7). A wholesale discovery stay is not the proper remedy if Defendants believe that Plaintiff's discovery requests are overly burdensome, seek irrelevant information, or are impermissibly invasive. Rather, the parties should engage in a good faith meet and confer on Defendants' objections and attempt to resolve their disputes extrajudicially. If those attempts fail, the parties should follow the Court's procedure on discovery disputes. (*See* Doc. 9 at 2).

Further, delaying the discovery at this point—after Plaintiff propounded discovery requests—would also be prejudicial to Plaintiff. The Court agrees that she has a strong interest in discovery moving forward, especially since the events underlying this action allegedly took place almost a year and a half ago. *See, e.g.*, *Young v. Mesa Underwiters Specialty Ins. Co.*, No. 2:19-CV-3820, 2020 WL 7407735, at *3 (S.D. Ohio Oct. 19, 2020) ("As reflected in the Federal Rules, Plaintiffs deserve to have their claims heard in a timely and efficient manner."). On the other hand, Defendants' general claims that they will be prejudiced because of the expense and burden of discovery does not outweigh the potential prejudice to Plaintiff from delay of this case. *See Ohio Valley Bank Co.*, 2019 WL 2170681, at *2; *see also Ray v. Dir., Ohio Dep't of Health*, No. 2:18-CV-272, 2018 WL 4907080 (S.D. Ohio Oct. 10, 2018); *cf. City of Lancaster v. Flagstar Bank, FSB*, No. 2:10-CV-01041, 2011 WL 1326280 (S.D. Ohio Apr. 5, 2011) ("Yet, the City makes no effort to . . . explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion before the Court.").

On balance, the relevant considerations weigh in favor of the parties moving forward with discovery. The parties are encouraged to communicate with each other to ensure their discovery plan is both efficient and cost-effective. Should discovery disputes remain after their conferral efforts, they may contact the Court in accordance with the procedures laid out in the scheduling order. (Doc. 9).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Discovery (Doc. 14) is **DENIED**.

IT IS SO ORDERED.

Date: August 5, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE